**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CRYSTAL WALKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case: 1:23-cv-01310 |
| ) | |
| ) | Judge Lashonda A. Hunt |
| **TRANSFORMCO PROPERTIES AND** ) | |
| **EXPRESS SERVICES, INC,** ) | |
| ) | |
| **Defendants** ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT TRANSFORM'S OPPOSED 12(b)(1) AND 12(b)(6) MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT**

Defendant, Transform SR LLC, incorrectly named as Transformco Properties ("Transform"), by and through the undersigned counsel, respectfully submits this memorandum of law in support of its motion to dismiss Count III of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

*Introduction*

This action arises out of Plaintiff's allegations that defendants Transform and Express Services, Inc. ("Express") (collectively, the "Defendants"), discriminated against her on the basis of her sex and in retaliation for her exercise of protected rights. Plaintiff filed her complaint on March 2, 2023, alleging discrimination on the basis of her sex, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and Illinois common law. Plaintiff's claim for common law retaliatory discharge is preempted by the Illinois Human Rights Act ("IHRA") and, as a result, the District Cout lacks subject matter jurisdiction and Count III of her Complaint should therefore be dismissed. *Hill v. Village of Franklin Park,* No. 07 CV 4335, 2008 WL 686256, * 7 (N.D. Ill. Mar. 11, 2008)("Both state and federal courts dismiss for lack of jurisdiction, Illinois

common law claims of retaliatory discharge for opposition to an allegedly unlawful employment practice"); *Shamim v. Siemens Indus., Inc.*, 854 F.Supp.2d 496, 510-11 (N.D. Ill. 2012) (holding that a retaliatory discharge claim based upon reporting of ethnic and religious discrimination was preempted by the IHRA).

### *Standard*

Federal Rule of Civil Procedure 12(b)(6) requires the Court to dismiss a complaint if it fails to state a claim upon which relief can be granted. As the Supreme Court made clear in *Twombly* and *Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [pursuant to Fed. R. Civ. P. 8(a)(2)] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Thus, while courts must accept the well-pleaded facts in the complaint as true, "where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *See Engel v. Buchan*, 710 F.3d 698, 709 (7th Cir. 2013).

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of actions over which the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss pursuant to 12(b)(1) is reviewed under the same standards as a rule 12(b)(6) motion except that the court may look beyond the jurisdictional allegations of the complaint to determine whether the court has subject matter jurisdiction. *Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2003).

*Argument*

I. **Plaintiff's Common Law Retaliatory Discharge Claim Should be Dismissed Because it is Preempted by the Illinois Human Rights Act.**

Count III of Plaintiff's Complaint contains a claim for common law retaliatory discharge. Under Illinois law, to state a claim for retaliatory discharge a plaintiff must allege that: "(1) the employer discharged the employee, (2) in retaliation for the employee's activities, and (3) that the discharge violates a clear mandate of public policy." *Walker v. Ingersoll Cutting Tool Co.*, 915 F.3d 1154, 1157 (7th Cir. 2019) (quoting *Turner v. Mem'l Med. Ctr.*, 233 Ill.2d 494, 500 (2009)). The tort of retaliatory discharge is an exception to the general rule that an at-will employee can be terminated at any time for any or no reason and as such, Illinois courts have held that it should be narrowly construed. *Turner,* 233 Ill.2d at 500; *see also Darchak v. City of Chi. Bd. of Educ.*, 580 F.3d 622, 628-29 (7th Cir. 2009).

The IHRA provides the exclusive means for redress of civil rights violations under Illinois law. 775 ILCS 5/8-111(D) ("Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act."). The Act specifically defines civil rights violations to include violations of certain sections of the Act, including Section 6-101 which states that it is a violation of the Act to "[r]etaliate against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination [and/or] sexual harassment in employment…" 775 ILCS 5/1-103; 775 ILCS 5/6-101. The Illinois Supreme Court has held that whether this statute preempts a claim turns on whether the claim is "inextricably linked" to a right created by the IHRA such that there is "no independent basis for imposing liability apart from the Act itself." *Maksimovic v. Tsogalis,* 177 Ill. 2d 511, 513 (1997).

3

Where, as in this case, a Plaintiff's retaliatory discharge claim is based solely on activities explicitly prohibited under the IHRA, dismissal of the claim is appropriate. *See Shamim v. Siemens Indus., Inc.*, 854 F.Supp.2d 496, 510-11 (N.D. Ill. 2012) (dismissing common law retaliatory discharge based on claim for wrongful termination in response to complaints of religious discrimination, finding that such claims were expressly covered by the policies underlying the IHRA and therefore preempted); *Hussaini v. GFS Secure Solutions (USA) Inc.*, 379 F. Supp. 3d 679, 683 (N.D. Ill. 2019) (holding that common law action for retaliatory discharge was preempted by IHRA where plaintiff alleged that he was fired in retaliation for requesting a religious accommodation which was inextricably linked to rights established by the IHRA); *Moreland v. Hu-Friendly Mfg. Co.*, No. 95 C 4373, 1997 WL 543066, *11 (N.D. Aug. 29, 1997) (dismissing common law retaliation claim where plaintiff alleged she was terminated for filing a complaint of discrimination noting that "Since plaintiff had an adequate statutory remedy for retaliation pursuant to either Title VII of the IHRA, this is not an appropriate circumstance for permitting a common law retaliation discharge claim and any such claim would be preempted by the IHRA.")

In this case, as in *Shamin, Hussaini* and *Moreland*, Plaintiff bases her claim for common law retaliatory discharge on the same allegations that formed the basis of her Title VII retaliation claim. Plaintiff has not alleged that Defendants violated any other legal duties independent of those owed pursuant to the IHRA. Specifically, Plaintiff alleges that: "Plaintiff's discharge was in retaliation for action of the Plaintiff's protected activity of reporting the illegal activity. The termination of Plaintiff's employment violates a clear mandate of public policy." Complaint (ECF No. 1), ¶¶ 53-54. The only protected activity in which Plaintiff alleges she engaged was "opposing unlawful discrimination and for exercising her protected rights" and "complaints directly to her manager and human resources about the harassment." *Id.* at 19, 32. As such, Plaintiff's Illinois common

4

law claim of retaliatory discharge (Count III) is preempted by the IHRA, and this Court should therefore dismiss Count III with prejudice.

### *Conclusion*

For the foregoing reasons, Defendant Transform SR LLC, incorrectly named as Transformco Properties, respectfully requests that this Court enter an order dismissing Count III of Plaintiff's Complaint with prejudice and for such other relief as this Court deems appropriate.

Respectfully submitted,

TRANSFORM SR LLC

By: /s/ *Tracey L. Wolfe*
One of Its Attorneys

Tracey L. Wolfe, Esq.
Deirdre A. Close, Esq.
CROKE FAIRCHILD DUARTE & BERES
191 N. Wacker Drive, 31st Floor
Chicago, Illinois 60606
(312) 641-0881
twolfe@crokefairchild.com
dclose@crokefairchild.com

## CERTIFICATE OF SERVICE

I, Tracey L. Wolfe, an attorney, hereby certify that I served a copy of the foregoing *Memorandum in Support of Defendant Transform's Opposed 12(b)(1) and 12(b)(6) Motion to Dismiss Count III of Plaintiff's Complaint*, by causing it to be sent electronically via the court's ECF electronic filing system to the attorney(s) of record whose address(es) and contact information is as follows:

| | |
|---|---|
| Alexander J. Taylor | Tobias Schlueter |
| Nathan Charles Volheim | Abigail Wallach |
| Sulaiman Law Group, Ltd. | Hilarie Marie Carhill |
| 2500 S. Highland Ave. | Ogletree Deakins, Nash |
| Suite 200 | Smoak & Stewart, P.C. |
| Lombard, IL 60148 | 155 N. Upper Wacker Drive |
| Telephone (331) 272-1942 | Suite 4300 |
| ataylor@sulaimanlaw.com | Chicago, IL 60606 |
| nvolheim@sulaimanlaw.com | (312)558-1220 |
| | tobias.schlueter@ogletree.com |
| | abbey.wallach@ogletree.com |
| | hilarie.carhill@ogletree.com |

on this 17th day of July, 2023.

/s/ *Tracey L. Wolfe*
One of the Attorneys for Defendant
**Transform SR LLC**

6